The Honorable Charles Whorton, Jr. State Representative Route 5, Box 2242 Huntsville, Arkansas 72746
Dear Representative Whorton:
This is in response to your request for an opinion on the filing of petitions and political practices pledges by independent candidates. Specifically, you indicate that it is unclear when a candidate is required to file a petition and a political practices pledge to become an independent candidate. Your question is whether each is required to be filed by May 1.
It is my opinion that if the office to which you refer is a state, county, township, or district office, the petition for nomination is required to be filed by May 1. See A.C.A.7-7-103 (b) (Repl. 1993). If the candidate is seeking municipal office, the petition must be filed not less than sixty days before the general election. A.C.A. 7-7-103(d)(2).
With regard to political practice pledges of independent candidates, A.C.A. 7-6-102(a)(2) (Repl. 1993) provides that "[p]ersons nominated as independent candidates shall file the political practices pledge at the time of filing the petition for nomination." This requires state, county, township and district candidates to file the pledge at least by May 1. Municipal candidates must also file the political practice pledge by the deadline for filing for candidacy, which for them is not less than sixty calendar days before the general election. See A.C.A. 7-6-102(a)(3). It should be noted, however, that the failure to file a political practices pledge prior to these deadlines does not automatically disqualify a candidate from having his or her name placed on the ballot. Even if the deadline is missed, there is a procedure for the Secretary of State, or county clerk, as the case may be, to notify the candidate of the omission and to grant additional time to file this pledge prior to the candidate being made ineligible. See A.C.A. 7-6-102(e) (as amended by Acts 1989, No. 755), and A.C.A. 7-6-102(e) (as amended by Acts 1989, No. 912). Only failure to sign the pledge after the required notice is sufficient to keep the candidate's name off the ballot.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh